09-2910-cv
Liburd v. Bronx Lebanon Hospital Center, et al.

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
                        **Chief Judge**,
                AMALYA L. KEARSE,
                GUIDO CALABRESI,
                        **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X
PEARLINE O. LIBURD,
        **Plaintiff-Appellant**,

UNITED STATES OF AMERICA,
        **Plaintiff**,

        **-v.-**                                         09-2910-cv

BRONX LEBANON HOSPITAL CENTER, ANDREAS
EVDOKAS, individually and as
Administrative Director, RAYMOND
ESTEVES, individually and as Assistant
Vice President of Clinical Services,
        **Defendants-Appellees**.
- - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:        Gregory G. Smith (Janet J.
                                Lennon, <u>on the brief</u>), Gregory

G. Smith & Associates, New York, NY.

**APPEARING FOR APPELLEES:**    Nancy V. Wright (Ricki E. Roer, on the brief), Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Baer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Pearline O. Liburd appeals from an order of the United States District Court for the Southern District of New York (Baer, J.), which denied her motion for reconsideration. Because the motion for reconsideration was filed within ten days of the underlying grant of summary judgment in favor of defendants-appellants and renewed the arguments Liburd raised in opposition to summary judgment, we also review the order granting summary judgment. See "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 121 (2d Cir. 2008) (adopting "a straightforward approach . . . whereby a notice of appeal from denial of a motion to reconsider, filed within ten days of the order or judgment sought to be considered, suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review an award of summary judgment de novo, and will uphold the judgment if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." Global Network Commc'ns, Inc. v. City of New York, 562 F.3d 145, 150 (2d Cir. 2009); see also Fed. R. Civ. P. 56(c)(2). "We review a district court's denial of a motion for reconsideration for abuse of discretion." RJE Corp. v. Northville Indus. Corp., 329 F.3d 310, 316 (2d Cir. 2003) (per curiam). Following review based on the appropriate

standards in this case, we affirm the district court's grant of summary judgment and denial of reconsideration.

The district court properly rejected Liburd's request for an adverse inference based on defendants' purported spoliation of telephone records and patient files. Even assuming that Liburd could establish that defendants had an obligation to preserve certain telephone records, she has failed to present a genuine issue of material fact as to whether any other managers were implicated in the telephone audits and were unable to explain excessive charges in their telephone usage reports. See Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 108 (2d Cir. 2001) (requiring "a court [to] determine whether there is any likelihood that the destroyed evidence would have been of the nature alleged by the party affected by its destruction" (internal quotation marks omitted)). Even considering Liburd's explanation for the local addresses listed on the files for patients she contends she called long-distance, she fails to raise a genuine issue of material fact that the patient files support a legitimate business purpose for her international calling because none of the patients she identified were treated in the Harm Reduction Program and she nowhere alleged that her job responsibilities included general recruiting for the Bronx Lebanon Hospital Center (the "Hospital").

We affirm the grant of summary judgment and the denial of reconsideration regarding Liburd's discrimination claims brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), against the Hospital, and 42 U.S.C. § 1981 ("Section 1981"), against the Hospital and Raymond Esteves. Even assuming that Liburd could establish a prima facie case of discrimination based on race or color, defendants proffered her abuse of telephone privileges as a legitimate, non-discriminatory reason for Liburd's termination and Liburd failed to raise a genuine issue of material fact as to whether that reason was a pretext for discrimination. Moreover, Liburd failed to offer evidence that other individuals placed the international calls reported on her telephone usage logs or that Esteves or Andreas Evdokas were involved in the telephone audit. See Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996) ("[M]ere conclusory allegations,

speculation or conjecture will not avail a party resisting summary judgment.").

We affirm the grant of summary judgment and the denial of reconsideration regarding Liburd's retaliation claim brought under the False Claims Act, 31 U.S.C. § 3730(h) (the "FCA"). Even assuming that Liburd's October 18, 2005 memorandum to Dr. Levine (and her February and April 2006 attempts to determine the location of eight computers) constituted protected conduct under the FCA, defendants proffered a legitimate, non-retaliatory reason for Liburd's termination and Liburd failed to raise a genuine issue of material fact as to whether that reason was a pretext for retaliation.

We affirm the grant of summary judgment and the denial of reconsideration regarding Liburd's hostile work environment claims brought under Title VII against the Hospital and Section 1981 against the Hospital and Esteves. Considered in their totality and viewed in the light most favorable to Liburd, the comments alleged, Esteves's alleged conduct at the September 2005 meeting, and the other alleged conduct, are not sufficient to raise a genuine issue to be tried as to severity or pervasiveness notwithstanding the crude and contemptible character of what is alleged. See Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000) ("[A] plaintiff must produce evidence that the workplace [wa]s permeated with discriminatory intimidation, ridicule, and insult, that [wa]s sufficiently severe or pervasive to alter the conditions of the victim's employment." (internal quotation marks omitted)). The alleged conduct falls short of the requisite levels of severity or pervasiveness. See, e.g., Alfano v. Costello, 294 F.3d 365 (2d Cir. 2002) (overturning a jury verdict in favor of the plaintiff because the evidence at trial--demonstrating conduct more egregious than that involved in the instant case--was insufficient as a matter of law to establish a hostile work environment).

4

We have considered all of Liburd's contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK